# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
### SOUTHERN DIVISION

| | |
|---|---|
| **NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.,** | |
| **Plaintiffs,** | |
| **v.** | **Civil Action File No.:** |
| **EMJ CORPORATION and THE PROMENADE D'IBERVILLE, LLC** | |
| **Defendants.** | |

## COMPLAINT FOR DECLARATORY RELIEF OF NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.

COMES NOW Plaintiff National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") and files this Complaint for Declaratory Relief, and alleges and avers as follows:

### INTRODUCTION

1.     This is an action for Declaratory Judgment pursuant to 28 U.S.C. § 2201 to determine and resolve questions of actual controversy involving a commercial umbrella liability insurance policy issued to EMJ Corporation ("EMJ")

by National Union and under which Defendants EMJ and The Promenade D'Iberville, LLC ("Promenade") claim a right to coverage.

2.      National Union seeks a declaration that it has no duty to defend, indemnify or otherwise pay EMJ or Promenade for various claims of liability and damages asserted against them, some of which are alleged in connection with a lawsuit filed in the Circuit Court of Harrison County, Mississippi, styled *The Promenade D'Iberville, LLC v. M. Hanna Construction Co., Inc., Gallet & Associates, Inc., LA Ash, Inc., EMJ Corporation, JEA, and John Does 2-10,* bearing Civil Action No. A240210-41 ("Underlying Action").   A copy of the Plaintiff Promenade's Amended Complaint in the Underlying Action is attached hereto as Exhibit "A."

## THE PARTIES

3.      National Union is a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business in New York, New York.

4.      EMJ is a Tennessee corporation with its principal place of business in Tennessee.  The National Union insurance policy at issue in this action was issued to EMJ in Chattanooga, Tennessee.

5.     Promenade is a Mississippi corporation.   The National Union insurance policy under which Promenade claims insured status and which is at issue in this action was issued to EMJ in Chattanooga, Tennessee.

## JURISDICTION AND VENUE

6.     The Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because National Union is a citizen of a state different from both EMJ and Promenade, and the matter in controversy, exclusive of interest and costs, exceeds Seventy-Five Thousand Dollars ($75,000).   The Court further has jurisdiction pursuant to 28 U.S.C § 2201 in that National Union seeks a declaration from this Court regarding the parties' rights and obligations with respect to a policy of umbrella liability insurance issued in Tennessee.

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because this action seeks the application of a policy of commercial umbrella liability insurance issued in the State of Tennessee.

8.     EMJ has a registered agent in Tennessee, National Registered Agents, Inc., 2300 Hillsboro Road, Suite 305, Nashville, Tennessee  37212.  The Court has personal jurisdiction over EMJ.

9.     Promenade may be served through the Tennessee Secretary of State. The Court has personal jurisdiction over Promenade.

## THE NATIONAL UNION INSURANCE POLICY

10.     National Union issued a policy of commercial umbrella liability insurance to EMJ bearing policy no. BE 6564764, effective January 1, 2009 to January 1, 2010 (the "National Union Umbrella Policy").  A copy of the National Union Umbrella Policy is attached hereto as Exhibit "B."  Particular provisions of the National Union Umbrella Policy are more fully addressed hereinafter.

## FACTS

11.     The Underlying Action is a suit on a contract with Promenade, pursuant to which EMJ was responsible for the construction of a commercial retail shopping center and associated sitework at the intersection of Interstate 10 and Interstate 110 in D'Iberville, Mississippi, called "The Promenade."

12.     Promenade's Amended Complaint alleges that EMJ's subcontractors performed the relevant sitework and certified the building pads at The Promenade shopping center project as meeting the contractual requirements.  After the completion of the sitework and certification of the building pads, certain improvements were allegedly made by EMJ on behalf of Promenade and by other owners and retailers.  Both the improvements made by EMJ on behalf of Promenade and by the other owners and retailers have allegedly suffered and will continue to suffer damages as a result of certain "materials beneath some of the

improvements [having] expanded, producing upward pressures that cause damage, injury and/or harm to the improvements above them." Promenade identifies the allegedly deficient subsurface material as "OPF42."

13.     Promenade alleges damages that appear in the form of "movement in and of the Promenade Improvements, resulting in damage, injury and/or distress in the floors, walls and finishes of buildings and injury, damage and distress to pavements, sidewalks and other improvements." In addition, the Amended Complaint alleges that "[t]he injury, damage and/or distress thus far suffered includes, among other things, buckled and cracked flooring, cracks in interior walls, cracks and/or separation in exterior walls, inability to open and/or close doors and other damage."

14.     Promenade alleges that it "has caused, and is continuing to cause, reasonable steps to be taken at The Promenade shopping center to mitigate harm resulting from the foregoing circumstances, including but not limited to emergency safety measures, protective and cosmetic repairs, slab removal and replacement, the removal and replacement of other materials (including subsurface materials) and repair or replacement of finishes."

15.     The damages being sought by Promenade include: compensatory damages against the Defendants, jointly and severally, including the costs to

5

Promenade for "repairing property damage, the costs of remedial work, tenant and inventory management and moving costs, lost rent, lost profit, loss of use of funds, additional interest, inducement fees, business interruption losses, all attorney's and consultants' fees (not limited solely to those incurred in the course of actual litigation), any damages of third parties to which Plaintiff is exposed and may become liable, and other damages."

16.    Promenade filed the Underlying Action against EMJ in March 2010 and seeks recovery from EMJ for: (1) alleged negligence; (2) alleged defective product (based upon the use of the product identified as "OPF42" and/or defendant JEA's products); (3) alleged creation of an artificial condition (as defined in the Amended Complaint to mean that EMJ created "an artificial condition on land whose dangerous character creates unreasonable risks to the property of others."); (4) alleged breach of implied warranties; (5) alleged breach of express warranties; (6) alleged breach of contract; (7) alleged contractual indemnification; and (8) alleged breach of contract – Insurance Obligations.  In addition to compensatory damages, Promenade seeks pre- and post-judgment interest, attorneys' fees and expenses of the litigation.

17.     Promenade is also the subject of claims asserted against it by tenants of The Promenade shopping center for alleged damage to improvements and space occupied by said tenants.

18.     EMJ submitted first notice of a claim against it by Promenade to National Union under the National Union Umbrella Policy.  Upon information and belief, EMJ was served with the original Complaint in March, 2010, and an Amended Complaint adding defendant JEA in April, 2010.  National Union is informed and believes that EMJ is being provided with a defense in the Underlying Action by its primary liability insurance carrier, Zurich American Insurance Company.

19.     Promenade submitted first notice of claims against it by tenants of The Promenade shopping center to National Union under the National Union Umbrella.  Upon information and belief, Promenade has not been named as a defendant in any legal action alleging these damages.

20.     EMJ seeks indemnification under the National Union Umbrella Policy for the claims alleged in the Underlying Action by Promenade.  Promenade seeks indemnification under the National Union Umbrella Policy for the claims alleged by tenants of The Promenade shopping center.  National Union disputes that the National Union Umbrella Policy provides coverage for certain or any of the claims

alleged against EMJ in the Underlying Action. National Union disputes that the National Union Umbrella Policy provides coverage for any of the claims alleged against Promenade by tenants of The Promenade shopping center.

21. Actual controversies now exist between and among EMJ, Promenade, and National Union relating to their respective legal rights and duties under the National Union Umbrella Policy.

## COUNT I

## NO DUTY TO INDEMNIFY

## AS TO EMJ AND PROMENADE

### (There Is No "Property Damage")

22. Plaintiff restates and re-alleges Paragraphs 1 through 21 as though fully set forth herein.

23. The National Union Umbrella Policy applies to sums the insured becomes legally obligated to pay in excess of the "Retained Limit" as damages because of "Property Damage" that occurs during the policy period. "Property Damage" is defined in relevant part in the National Union Umbrella Policy as "physical injury to tangible property, including all resulting loss of use of that property . . ." "Property Damage" also means "loss of use of tangible property that is not physically injured . . ." To the extent that the Underlying Action presents

claims based upon damages for the replacement of a defective component or correction of faulty installation, such claims do not constitute "Property Damage." Accordingly, the National Union Umbrella Policy does not provide coverage for these particular claims either at issue in the Underlying Action, or the subject of claims against Promenade by The Promenade shopping center tenants.

24.     National Union is informed and believes that EMJ and Promenade nonetheless claim the presence of "Property Damage" as that term is defined in the National Union Umbrella Policy.  As such, an actual and present dispute exists between National Union on the one hand, and EMJ and Promenade on the other, as to whether certain of the claims at issue in the Underlying Action are covered under the National Union Umbrella Policy.

25.     Inasmuch as an actual and present controversy currently exists between National Union, EMJ, and Promenade concerning their respective rights and obligations under the National Union Umbrella Policy, National Union is entitled to a judicial determination of its rights and obligations pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

# COUNT II

# NO DUTY TO INDEMNIFY

# AS TO EMJ AND PROMENADE

(Not legally obligated to pay damages by reason of liability imposed by law)

26.     Plaintiff restates and re-alleges Paragraphs 1 through 25 as though fully set forth herein.

27.     As stated, the National Union Umbrella Policy applies to "those sums in excess of the Retained Limit that the Insured becomes legally obligated to pay as damages by reason of liability imposed by law."  EMJ seeks coverage for claims against it by Promenade for breach of contract.  Promenade similarly seeks coverage for claims by The Promenade shopping center tenants on the basis of Promenade's lease or contractual relationships with the tenants.  In connection with these claims, EMJ is not "legally obligated to pay" Promenade and Promenade is not "legally obligated to pay" tenants "by reason of liability imposed by law" inasmuch as contractual liability (as distinguished from tort liability) does not constitute a legal obligation within the meaning of a National Union Umbrella Policy's insuring agreement.

28.     National Union is informed and believes that EMJ and Promenade nonetheless claim a right to coverage under the National Union Umbrella Policy.

As such, an actual and present dispute exists between National Union on the one hand, and EMJ and Promenade on the other, as to whether the claims by Promenade against EMJ and the claims by shopping center tenants against Promenade are covered under the National Union Umbrella Policy.

29.     Inasmuch as an actual and present controversy currently exists between National Union, EMJ, and Promenade concerning their respective rights and obligations under the National Union Umbrella Policy, National Union is entitled to a judicial determination of its rights and obligations pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

## COUNT III

## NO DUTY TO INDEMNIFY

## AS TO EMJ AND PROMENADE

**(Policy Exclusion For Contractual Liability Precludes Coverage)**

30.     Plaintiff restates and re-alleges Paragraphs 1 through 29 as though fully set forth herein.

31.     The National Union Umbrella Policy does not apply to and expressly excludes coverage for any liability assumed by the Insured in a contract or agreement.   The exclusion contains an exception for liability assumed in an "Insured Contract," defined as "that part of any contract or agreement pertaining to

your business under which any Insured assumes the tort liability of another party to pay for 'Bodily Injury' or 'Property Damage' to a third person or organization." The claims against EMJ by Promenade based upon alleged breach of contract are excluded by the contractual liability exclusion, and the exception to the exclusion has no application. The claims against Promenade by The Promenade shopping center tenants are based upon alleged breach of contract, are excluded by the contractual liability exclusion, and the exception to the exclusion has no application. Consequently, the National Union Umbrella Policy does not provide coverage for these particular claims at issue in the Underlying Action.

32. National Union is informed and believes that EMJ and Promenade nonetheless claim a right to coverage under the National Union Umbrella Policy and that the subject exclusion does not apply. As such, an actual and present dispute exists between National Union on the one hand, and EMJ and Promenade on the other, as to whether the claims against them are covered under the National Union Umbrella Policy.

33. Inasmuch as an actual and present controversy currently exists between National Union, EMJ, and Promenade concerning their respective rights and obligations under the National Union Umbrella Policy, National Union is

entitled to a judicial determination of its rights and obligations pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

## COUNT IV

## NO DUTY TO INDEMNIFY

## AS TO EMJ

**(Policy Exclusion For Damage to Impaired Property
or Property Not Physically Injured)**

34.     Plaintiff restates and re-alleges Paragraphs 1 through 33 as though fully set forth herein.

35.     The National Union Umbrella Policy does not apply to and expressly excludes coverage for "Property Damage to Impaired Property or property that has not been physically injured, arising out of: 1. a defect, deficiency, inadequacy or dangerous condition in  . . . Your Work; or 2. a delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.  This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to . . . Your Work after it has been put to its intended use."  "Impaired Property" is defined under the National Union Umbrella Policy to mean "tangible property, other than . . . Your Work, that cannot be used or is less useful because: 1. it incorporates . . . Your Work that is known or thought to be defective, deficient, inadequate or dangerous; or 2. you have failed to

fulfill the terms of a contract or agreement; if such property can be restored to use by: 1. the repair, replacement, adjustment or removal of . . . Your Work; or 2. your fulfilling the terms of the contract or agreement." "Your Work" is defined under the National Union Umbrella Policy to mean "1. work or operations performed by you or on your behalf; and 2. materials, parts or equipment furnished in connection with such work or operations.   Your Work includes: 1. warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of Your Work; and 2. the providing of or failure to provide warnings or instructions."   Accordingly, to the extent "Property Damage" can be demonstrated, it is excluded, and the National Union Umbrella Policy does not provide coverage for these particular claims at issue in the Underlying Action.

36.    National Union is informed and believes that EMJ nonetheless claims a right to coverage under the National Union Policy and that the subject exclusion does not apply.  As such, an actual and present dispute exists between National Union and EMJ as to whether these particular claims at issue in the Underlying Action are covered under the National Union Umbrella Policy.

37.    Inasmuch as an actual and present controversy currently exists between National Union and EMJ concerning their respective rights and obligations under the National Union Umbrella Policy, National Union is entitled

to a judicial determination of its rights and obligations pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

## COUNT V

## NO DUTY TO INDEMNIFY

## AS TO EMJ

**(Policy Exclusions For Property Damage To
Ongoing Operations Preclude Coverage)**

38.    Plaintiff restates and re-alleges Paragraphs 1 through 37 as though fully set forth herein.

39.    The National Union Umbrella Policy does not apply to and expressly excludes coverage for "Property Damage" to "property being installed, erected or worked upon by the Insured or by any agents or subcontractors of the Insured"; furthermore excludes coverage for "Property Damage" to "that particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the Property Damage arises out of those operations;" and excludes coverage for "Property Damage" to "that particular part of any property that must be restored, repaired or replaced because Your Work was incorrectly performed on it."  The last of the foregoing exclusions does not apply if the Property Damage is included in the "Products-Completed Operations Hazard," which is defined in relevant part in the National

Union Umbrella Policy as "Property Damage occurring away from premises you own or rent and arising out of . . . Your Work except: . . . 2. work that has not yet been completed . . ."  Certain of the damages alleged in the Underlying Action occurred prior to completion of the work by EMJ.  Accordingly, to the extent "Property Damage" can be demonstrated and the insured's operations were not completed, it is excluded, and the National Union Umbrella Policy does not provide coverage for [these particular] claims at issue in the Underlying Action.

40.　　National Union is informed and believes that EMJ nonetheless claims a right to coverage under the National Union Umbrella Policy and that the subject exclusions do not apply.  As such, an actual and present dispute exists between National Union and EMJ as to whether various claims at issue in the Underlying Action are covered under the National Union Umbrella Policy.

41.　　Inasmuch as an actual and present controversy currently exists between National Union and EMJ concerning their respective rights and obligations under the National Union Umbrella Policy, National Union is entitled to a judicial determination of its rights and obligations pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

## COUNT VI

## NO DUTY TO INDEMNIFY

## AS TO EMJ

**(Policy Exclusion For Property Damage To
Your Work Precludes Coverage)**

42.     Plaintiff restates and re-alleges Paragraphs 1 through 33 as though fully set forth herein.

43.     The National Union Umbrella Policy does not apply to and expressly excludes coverage for "Property Damage" to "Your Work arising out of it or any part of it and included in the Products-Completed Operations Hazard.  This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor."  "Your Work" is defined in the National Union Umbrella Policy to mean "1. work or operations performed by you or on your behalf; and 2. materials, parts or equipment furnished in connection with such work or operations."  "Your Work" includes "1. warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of Your Work; and 2. the providing of or failure to provide warnings or instructions."  "Products-Completed Operations Hazard," is defined in the National Union Umbrella Policy in relevant part as "Property Damage occurring away from premises you own or rent and arising out of . . . Your Work

except: . . . 2. work that has not yet been completed . . ." Accordingly, to the extent "Property Damage" can be demonstrated, and to the extent that certain of the damages alleged in the Underlying Action occurred after completion of the work by EMJ, it is excluded, and the National Union Umbrella Policy does not provide coverage for various claims at issue in the Underlying Action.

44.     National Union is informed and believes that EMJ nonetheless claims a right to coverage under the National Union Umbrella Policy and that the subject exclusion does not apply.  As such, an actual and present dispute exists between National Union and EMJ as to whether various claims at issue in the Underlying Action are covered under the National Union Umbrella Policy.

45.     Inasmuch as an actual and present controversy currently exists between National Union and EMJ concerning their respective rights and obligations under the National Union Umbrella Policy, National Union is entitled to a judicial determination of its rights and obligations pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

## COUNT VII

## NO DUTY TO INDEMNIFY

## AS TO EMJ

**(Policy Exclusion For Recall of Your Work or Impaired Property)**

46.     Plaintiff restates and re-alleges Paragraphs 1 through 45 as though fully set forth herein.

47.     The National Union Umbrella Policy does not apply to and excludes coverage for "any loss, cost or expense incurred by [the insured] or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of . . . 2. Your Work; or 3. Impaired Property; if such product, work or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it."  "Your Work" is defined under the National Union Umbrella Policy to mean "1. work or operations performed by you or on your behalf; and 2. materials, parts or equipment furnished in connection with such work or operations.   Your Work includes: 1. warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of Your Work; and 2. the providing of or failure to provide warnings or instructions."  "Impaired Property" is defined under the National

Union Umbrella Policy to mean "tangible property, other than . . . Your Work, that cannot be used or is less useful because: 1. it incorporates . . . Your Work that is known or thought to be defective, deficient, inadequate or dangerous; or 2. you have failed to fulfill the terms of a contract or agreement; if such property can be restored to use by: 1. the repair, replacement, adjustment or removal of . . . Your Work; or 2. your fulfilling the terms of the contract or agreement."  Accordingly, to the extent "Property Damage" can be demonstrated, it is excluded, and the National Union Umbrella Policy does not provide coverage for various claims at issue in the Underlying Action.

48.    National Union is informed and believes that EMJ nonetheless claims a right to coverage under the National Union Policy and that the subject exclusion does not apply.  As such, an actual and present dispute exists between National Union and EMJ as to whether various claims at issue in the Underlying Action are covered under the National Union Umbrella Policy.

49.    Inasmuch as an actual and present controversy currently exists between National Union and EMJ concerning their respective rights and obligations under the National Union Umbrella Policy, National Union is entitled to a judicial determination of its rights and obligations pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

## COUNT VIII

## NO DUTY TO INDEMNIFY

## AS TO EMJ AND PROMENADE

### (Policy Exclusions For Professional Services)

50. Plaintiff restates and re-alleges Paragraphs 1 through 49 as though fully set forth herein.

51. The National Union Umbrella Policy does not apply to and expressly excludes coverage for "any liability arising out of the rendering of, or the failure to render professional services or any error, omission, or mistake of a professional nature performed by or on behalf of the Insured, including but not limited to: a. the preparation or approval of maps, plans, opinions, reports, surveys, designs or specifications; and b. supervisory, inspection architectural, engineering or surveying services." Accordingly, to the extent the alleged liability of EMJ and/or Promenade arises out of professional services or a mistake of a professional nature, it is excluded, and the National Union Umbrella Policy does not provide coverage for the claims at issue in the Underlying Action.

52. National Union is informed and believes that EMJ and Promenade nonetheless claim a right to coverage under the National Union Policy and that the subject exclusions do not apply. As such, an actual and present dispute exists

between National Union on the one hand, and EMJ and Promenade on the other, as to whether the claims at issue in the Underlying Action are covered under the National Union Umbrella Policy.

53.     Inasmuch as an actual and present controversy currently exists between National Union, EMJ, and Promenade concerning their respective rights and obligations under the National Union Umbrella Policy, National Union is entitled to a judicial determination of its rights and obligations pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

**COUNT IX**

**NO DUTY TO INDEMNIFY**

**AS TO PROMENADE**

**(Policy Exclusions For Property Damage to Property Leased By the Insured)**

54.     Plaintiff restates and re-alleges Paragraphs 1 through 53 as though fully set forth herein.

55.     The National Union Umbrella Policy does not apply to and expressly excludes coverage for "any liability arising out of. . . .**Property Damage** to any property or equipment leased by the **Insured**."  Accordingly, because the liability of Promenade to the shopping center tenants arises out of leased property, it is

excluded, and the National Union Umbrella Policy does not provide coverage for such claims.

56.     National Union is informed and believes that Promenade nonetheless claims a right to coverage under the National Union Policy and that the subject exclusion does not apply.  As such, an actual and present dispute exists between National Union and Promenade as to whether the claims against Promenade are covered under the National Union Umbrella Policy.

57.     Inasmuch as an actual and present controversy currently exists between National Union and Promenade concerning their respective rights and obligations under the National Union Umbrella Policy, National Union is entitled to a judicial determination of its rights and obligations pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

WHEREFORE, National Union respectfully prays that it be granted a trial by jury as to all appropriate issues, and requests that this Court enter an order:

1.     Declaring that National Union has no duty to defend or indemnify EMJ and/or Promenade for certain of the claims at issue in the Underlying Action on the grounds that the Underlying Action does not allege claims for "Property Damage" and that with respect to purely contractual claims, they are not liable for sums for which they

are legally obligated to pay as damages by reason of liability imposed by law.

2.     Declaring that National Union has no duty to defend or indemnify EMJ or Promenade for the claims against them on the grounds that the claims are precluded from coverage pursuant to one or more policy exclusions contained in the National Union Umbrella Policy;

3.     For costs of suit incurred herein; and

4.     For other such relief as this court deems just and proper.

Dated:  April 8, 2011.

TAYLOR, PIGUE, MARCHETTI & MINK, PLLC

s/ Wm. Ritchie Pigue
Wm. Ritchie Pigue
Tennessee Bar No. 2898
2908 Poston Avenue
Nashville, TN 37203
(615) 320-3225

**Counsel for National Union Fire Insurance Company of Pittsburgh, Pa.**